IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 07-cv-02007-LTB-KMT

LEONID SHIFRIN aka Leo Shifrin,
MARK SHIFRIN,
SHIFRIN, INC., and
SOFIA SHIFRIN,

    Plaintiffs,

v.

STATE OF COLORADO,
ATTORNEY GENERAL, JOHN SUTHERS,
CLAIRE M. LARGESSE, and
REBECCA WILD, all in their official and individual capacities,

    Defendants.
_____

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**
_____

This case involves a claim that Defendants violated Plaintiffs' constitutional rights. This matter is before the court on Defendants' "Motion to Dismiss or to Abstain and Request for Forthwith Hearing" (Doc. No. 9).

**FACTUAL BACKGROUND**

*1.*   *Facts*

The following facts are taken from Plaintiffs' Complaint and the parties' submissions with respect to this Recommendation. Defendants state that Plaintiffs and certain business entities with which Plaintiffs are associated are subject of a civil investigation being conducted

pursuant to the provisions of the Colorado Consumer Protection Act ("CCPA"), based on reason to believe Plaintiffs and related business entities may have engaged in deceptive mortgage lending activities. (Mot. to Dismiss or to Abstain and Req. for Forthwith Hr'g at 2 [hereinafter "Mot."] [filed October 16, 2007].) Defendants assert that Sections 107 and 108 of the CCPA allow the Colorado Attorney General to commence civil investigations, conduct hearings, request responses as to facts and circumstances concerning transactions, examine witnesses under oath, examine books, records, and accounts, and issue administrative subpoenas to require attendance of witnesses or the production of documents in aid of its investigation. (*Id.* at 1–2.) Plaintiffs state Mark Shifrin and Leo Shifrin were served a subpoena duces tecum pursuant to the CCPA on November 6, 2006. (Compl. ¶ 14.) Plaintiffs state they were ordered to produce all personal and business financial records, employment records, borrowers' files, electronic records, advertising files, bank records and statements, and mortgage disclosures from January 1, 2003 to November 2006. (*Id.* ¶ 15.) Plaintiffs assert they were given less than nine business days to copy and produce the paperwork. (*Id.* ¶ 16–17.) Plaintiffs filed suit in the United States District Court for the District of Colorado, attempting to quash the subpoenas, asserting that the defendants were violating their rights under the Right to Financial Privacy Act ("RFPA"). (*Id.* ¶ 19; Civil Action No. 07–cv–00789–LTB–MEH; Mot. at 9.) That case was dismissed for lack of jurisdiction. (Compl. ¶ 20.)

Following dismissal of the case attempting to quash the subpoenas, the Colorado Attorney General sent a letter to Leo Shifrin dated May 10, 2007, ordering production of the subpoenaed documents by May 15, 2007. (Compl. ¶ 25; Ex. B.). Plaintiffs assert under CCPA

§ 6–1–107, they must only make documents available for the Attorney General's inspection, to be copied at the Attorney General's expense. (Compl. ¶ 26.) Plaintiffs further state they have notified Defendants that certain documents are not in the possession of Plaintiffs, but Defendants still insist on production of the documents. (*Id.* ¶ 27.) On September 21, 2007, the Attorney General served a Civil Investigative Demand under the CCPA to Charles Schwab & Co, Inc., for production of documents related to accounts maintained by Plaintiffs and related business entities. (Mot. at 2; Compl. ¶ 32.) Plaintiff asserts Sofia Shifrin has never been in the mortgage business and was not listed in the original subpoena. (Compl. ¶ 33.) Plaintiffs aver that Defendants want to obtain the records to aide a federal agency conducting a separate criminal investigation and are "circumventing [their] right to remain silent by requiring them to give verbal testimony then providing the information obtained to the federal agency, thus violation [sic] [their] constitutional rights." (*Id.* ¶ 36.) Plaintiffs allege Defendants are denying Plaintiffs due process and are violating their constitutional rights by seeking to help a federal criminal investigation where the plaintiffs have far less rights. (*Id.* ¶ 40.)

Plaintiffs allege Defendants have denied Plaintiffs' rights, privileges or immunities by (1) threatening to deprive Plaintiffs and their associates of their liberty without due process of law; (2) making an unreasonable search and seizure of Plaintiffs' property without due process of law; (3) conspiring for the purpose of impeding and hindering the due course of justice, with the intent to deny Plaintiffs equal protection of laws; (4) depriving Plaintiffs of their Fourth, Fifth, Sixth, and Fourteenth Amendment rights; (5) unlawfully and maliciously harassing Plaintiffs and their friends; (6) unlawfully and maliciously prosecuting a citizen who was acting in accordance

with constitutional and statutory rights, privileges, and immunities; and (7) depriving Plaintiffs of their property without due process of law. (*Id.* ¶ 44(a)–(g).)

Plaintiffs have named as defendants the State of Colorado, and Attorney General John Suthers, Claire M. Largesse, and Rebecca Wild, who are agents and employees of the State of Colorado. Plaintiffs seek declaratory relief, injunctive relief, and money damages.

Defendants have filed their motion to dismiss under Fed. R. Civ. P. 12(b)(1) and 12(b)(6). asserting that: (1) Plaintiffs' claims are barred by the Eleventh Amendment; (2) the Complaint fails to state a claim upon which relief can be granted; and, alternatively, (3) the court should abstain from hearing Plaintiffs' claims under the *Younger* abstention doctrine. (Mot.)

*2.    Procedural History*

Plaintiffs filed their Complaint on September 25, 2007. (Compl.) On September 26, 2007, Judge Babcock filed an Order of Reference to United States Magistrate. (Doc. No. 2.) On September 28, 2007, Magistrate Judge Hegarty issued an order that Plaintiff Shifrin, Inc., obtain counsel or show cause in writing on or before October 15, 2007, why this court should not recommend that Shifrin, Inc., be dismissed from this action without prejudice. (Doc. No. 4.) On October 4, 2007, Plaintiff Mark Shifrin filed a request for extension of time for Shifrin, Inc., to find an attorney. (Doc. No. 6.) Magistrate Judge Hegarty granted Shifrin, Inc., an extension to October 31, 2007, to obtain counsel or show cause in writing why this court should not recommend that Shifrin, Inc., be dismissed from this action without prejudice. (Doc. No. 8.) Defendants filed a motion to dismiss on October 16, 2007. (Mot.). Plaintiffs filed their response on November 5, 2007. (Pls.' Joint Reply to Defs.' Mot. to Dismiss or Obstain [sic] and a

4

Forthwith Hearing [hereinafter "Resp."].) Defendants filed their reply on November 21, 2007. (Defs.' Reply in Supp. of Mot. To Dismiss or Abstain [hereinafter "Reply"].) This matter is fully briefed and ripe for review and recommendation.

## STANDARD OF REVIEW

The court notes at the outset that because Plaintiff appears *pro se*, the court "review[s] his pleadings and other papers liberally and hold[s] them to a less stringent standard than those drafted by attorneys." *Trackwell v. United States*, 472 F.3d 1242, 1243 (10th Cir. 2007) (citations omitted). *See also Haines v. Kerner*, 404 U.S. 519, 520–21 (1972) (holding allegations of a pro se complaint "to less stringent standards than formal pleadings drafted by lawyers"). However, a *pro se* litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991). A court may not assume that a plaintiff can prove facts that have not been alleged, or that a defendant has violated laws in ways that a plaintiff has not alleged. *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983). *See also Whitney v. New Mexico*, 113 F.3d 1170, 1173–74 (10th Cir. 1997) (court may not "supply additional factual allegations to round out a plaintiff's complaint"); *Drake v. City of Fort Collins*, 927 F.2d 1156, 1159 (10th Cir. 1991) (the court may not "construct arguments or theories for the plaintiff in the absence of any discussion of those issues").

### 1. *Lack of Subject Matter Jurisdiction*

Rule 12(b)(1) empowers a court to dismiss a complaint for "lack of jurisdiction over the subject matter." Fed. R. Civ. P. 12(b)(1). Dismissal under Rule 12(b)(1) is not a judgment on

the merits of a plaintiff's case, but only a determination that the court lacks authority to adjudicate the matter. *See Castaneda v. INS*, 23 F.3d 1576, 1580 (10th Cir. 1994) (recognizing federal courts are courts of limited jurisdiction and may only exercise jurisdiction when specifically authorized to do so). A court lacking jurisdiction "must dismiss the cause at any stage of the proceeding in which it becomes apparent that jurisdiction is lacking." *Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974). A Rule 12(b)(1) motion to dismiss "must be determined from the allegations of fact in the complaint, without regard to mere conclusory allegations of jurisdiction." *Groundhog v. Keeler*, 442 F.2d 674, 677 (10th Cir. 1971). The burden of establishing subject matter jurisdiction is on the party asserting jurisdiction. *See Basso*, 495 F.2d at 909. Accordingly, Plaintiff in this case bears the burden of establishing that this court has jurisdiction to hear his claims.

## 2. *Failure to State a Claim Upon Which Relief Can Be Granted*

Federal Rule of Civil Procedure 12(b)(6) provides that a defendant may move to dismiss a claim for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6) (2007). "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1201 (10th Cir. 2003) (citations and quotation marks omitted).

Thus, all well-pled factual allegations in a complaint are accepted as true and construed in the light most favorable to the plaintiff. *Alvarado v. KOB-TV, LLC*, 493 F.3d 1210, 1215 (10th Cir. 2007). Further, the court is to make all reasonable inferences in the plaintiff's favor.

*Timpanogos Tribe v. Conway*, 286 F.3d 1195, 1204 (10th Cir. 2002). In *Bell Atlantic Corp. v. Twombly*, — U.S. —, 127 S. Ct. 1955, 1974 (2007), the Supreme Court articulated a new "plausibility" standard, under which a complaint must include "enough facts to state a claim to relief that is plausible on its face." 127 S. Ct. at 1974.

The issue in reviewing the sufficiency of a plaintiff's complaint is not whether the plaintiff will prevail, but whether the plaintiff is entitled to offer evidence to support his claims. *See Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974) *(overruled on other grounds by Harlow v. Fitzgerald*, 457 U.S. 800 (1982)). Although a plaintiff does not need to state each element of his claim precisely, he must plead minimal factual allegations on those material elements that must be proved. *See* Fed. R. Civ. P. 8(a); *Hall*, 935 F.2d at 1110.

## ANALYSIS

### 1. *Plaintiff Shifrin, Inc.'s Claims*

Preliminarily, the court must address the claims asserted by Plaintiff Shifrin, Inc., a corporate entity. As Magistrate Judge Hegarty stated in his Order to Show Cause filed September 28, 2007, a Plaintiff that is a corporation, partnership, or other legal entity cannot appear and continue to prosecute this case without an attorney admitted to practice before this court representing it. Plaintiff was given until October 31, 2007, either to obtain counsel or show cause in writing why this court should not recommend that Shifrin, Inc., be dismissed from this action without prejudice. Plaintiff Shifrin, Inc., did not obtain counsel and did not file a response to the Order to Show Cause. Plaintiff Mark Shifrin did state in Plaintiffs' response to the motion to dismiss that he "does not have the funds available to hire an attorney" and "the

7

claims of Shifrin Inc., a corporate entity, at this time should be dismissed." (Resp. at 1–2.) Therefore, all of Shifrin, Inc.'s claims should be dismissed.

## 2. *Claims Against State of Colorado*

Plaintiffs concur in their response to the motion to dismiss that the Eleventh Amendment bars suits against states, and as such "dismiss all their claims against the State of Colorado." (Resp. at 1.) Therefore, the State of Colorado should be dismissed as a Defendant for lack of jurisdiction.

## 3. *Failure to State a Claim Upon Which Relief Can Be Granted*

### A. *Plaintiffs fail to state a claim under 42 U.S.C. § 1983*.

As stated above, a *pro se* litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall*, 935 F.2d at 1110. "Moreover, in analyzing the sufficiency of the plaintiff[s'] complaint, the court need accept as true only the plaintiff's well-pleaded factual contentions, not his conclusory allegations." *Id*.

Defendants assert that Plaintiffs have done nothing more than make conclusory allegations complaining generally about the scope of subpoenas, the time given to comply with them, and the relevance of materials sought in connection with the Attorney General's investigation of Plaintiffs' activities. (Mot. at 4.) The court agrees. Plaintiffs, in their Complaint, have alleged a myriad of vague claims but have failed to make any factual showing how any conduct of any particular defendant has deprived Plaintiffs of any rights or privileges guaranteed by the constitution and laws of the United States pursuant to § 1983.

In addition, Plaintiffs have, in both their Complaint and response to the motion to dismiss, alleged they should be protected by the RFPA. However, Judge Lewis T. Babcock has previously dismissed Plaintiffs' claims related to the RFPA for lack of subject matter jurisdiction, finding that the state defendants (the <u>exact same</u> defendants named in this suit) were not agents of the federal government, the RFPA does not apply to requests for records from state and local government agencies. (*See* Civil Action No. 07–cv–00789–LTB–MEH, Tr. of Hr'g Regarding Defendants' Mot. to Dismiss at 10–12 [filed May 21, 2007].)

Plaintiffs' Complaint does not contain "enough facts to state a claim to relief that is plausible on its face" under the standard imposed by *Bell Atlantic v. Twombly* at 1974. Therefore, Plaintiffs' claims must be dismissed.

### B.  *Defendants are entitled to qualified immunity.*

To the extent that Plaintiffs are suing Defendants in their official capacities, Defendants claim they are immune. "[T]he Eleventh Amendment precludes a federal court from assessing damages against state officials sued in their official capacities because such suits are in essence suits against the state." *Hunt v. Bennett*, 17 F.3d 1263, 1267 (10th Cir. 1994). Because the Defendants asserted qualified immunity as an affirmative defense, Plaintiff "initially bears a heavy two-part burden." *Romero v. Board of County Comm'r*, 60 F.3d 702, 704 (10th Cir.1995) (quoting *Albright v. Rodriguez*, 51 F.3d 1531, 1534 (10th Cir.1995)). Indeed, Plaintiff must show (1) "that the defendant[s'] actions violated a constitutional or statutory right" and (2) that the right "allegedly violated [was] clearly established at the time of the conduct at issue." *Id.* In

9

other words, Plaintiffs must articulate with specificity the clearly established constitutional right violated and the defendants' conduct which violated that right. *Id.*

It cannot be disputed that Defendants are state officials or employees acting in their official capacities, which precludes them from being assessed damages under an Eleventh Amendment claim. *See Hunt*, 17 F.3d at 1267. Moreover, the court has already determined that Plaintiffs' claims are merely conclusory allegations. Therefore, Plaintiffs cannot meet their heavy burden of showing that the defendants' actions violated a constitutional or statutory right and that the right allegedly violated was clearly established at the time of the conduct at issue. *See Romero*, 60 F.3d at 704. Accordingly, Plaintiffs' official capacity claims for damages should be dismissed with prejudice as Defendants are immune.

WHEREFORE, for the foregoing reasons, the court respectfully

RECOMMENDS that Defendants' "Motion to Dismiss" (Doc. No. 9) be GRANTED and that this case be dismissed.

## ADVISEMENT TO THE PARTIES

Within ten days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995). A general objection that does not put the District Court on notice of the basis for the objection will not preserve the objection for *de novo* review. "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the

district court or for appellate review." *United States v. One Parcel of Real Property Known As 2121 East 30th Street, Tulsa, Oklahoma*, 73 F.3d 1057, 1060 (10th Cir. 1996). Failure to make timely objections may bar *de novo* review by the District Judge of the Magistrate Judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge. *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (District Court's decision to review a Magistrate Judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule"); *One Parcel of Real Property*, 73 F.3d at 1059-60 (a party's objections to the Magistrate Judge's report and recommendation must be both timely and specific to preserve an issue for *de novo* review by the District Court or for appellate review); *International Surplus Lines Insurance Co. v. Wyoming Coal Refining Systems, Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the Magistrate Judge's order, cross-claimant had waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the Magistrate Judge's ruling). *But see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

Dated this 11th day of July, 2008.

BY THE COURT:

s/ Kathleen M. Tafoya
KATHLEEN M. TAFOYA
United States Magistrate Judge